UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

**ALLIED 100, LLC**,

Plaintiff,

– against –

**SANJAY CHADHA** and **ICON GLOBAL TRADING CORP.**,

Defendants.

------------------------------------------------------------ X

:
:
:
:
:
:
:
:
:
:
:
:

**MEMORANDUM DECISION AND ORDER**

20-CV-3493 (AMD) (PK)

**ANN M. DONNELLY**, United States District Judge:

Before the Court is the plaintiff's motion for a court-ordered dismissal pursuant to Federal Rules of Civil Procedure 41(a)(2). For the following reasons, the motion is granted and the case is dismissed without prejudice.

## BACKGROUND

The plaintiff ("Allied") sued defendants Sanjay Chadha and ICON Global Trading Corp. on August 3, 2020 for breach of contract, fraud, and unjust enrichment. (ECF No. 1 at 16–20.) The plaintiff alleged that the defendants "fraudulently induced Allied to enter into contracts to acquire PPE [personal protective equipment],"[1] "claiming that they had direct contacts with manufacturers of PPE and could fill Allied's large orders." (*Id*. at 1.) According to the plaintiff, "Allied paid ICON just under $1.5 million in deposits for PPE that was never made available for inspection, never delivered, and likely never even existed." (*Id*.) The defendants, represented by

---

[1] Allied represents that in early 2020, "in an effort to use its expertise in procuring and delivering medical equipment to assist with the global pandemic resulting from the novel coronavirus COVID-19, Allied sought to procure and distribute PPE, including masks and gloves, to its customers." (ECF No. 1 at 2–3.)

counsel, answered the complaint on September 18, 2020 (ECF No. 24), and the parties appeared to be moving forward with preliminary discovery, motion practice, and settlement discussions until early 2021.  (*See* ECF Nos. 25–34.)

From then on, settlement talks stalled, and the defendants repeatedly missed discovery deadlines.  (*See generally* ECF No. 53, Report & Recommendation.)  On July 26, 2021, Magistrate Judge Peggy Kuo recommended sanctions against the defendants under Rule 37 for not cooperating in discovery or complying with court orders.  (*Id*.)  The Court adopted Judge Kuo's recommendation and directed the defendants to pay the plaintiff's counsel $16,025.40 in attorneys' fees.  In late 2021 and early 2022, the defendants' attorneys filed motions to withdraw as counsel because the defendants did not pay their legal fees and were generally uncooperative. (ECF Nos. 56, 57, 60.)  Judge Kuo instructed the defendants multiple times that Chadha could represent himself, but could not represent ICON, "because corporations may only appear through licensed counsel."  (*ECF Order dated March 10, 2022*.)  To date, Chadha and ICON remain unrepresented, and Chadha has refused to engage meaningfully with the litigation process or comply with the Court's orders.  Indeed, the Court has reminded Chadha to comply with his discovery obligations or ordered him to appear at status conferences no fewer than twelve times.[2] Further, the plaintiff has been unable to secure the attorneys' fees awarded to it over two years ago.

As a result, Allied says that it has "[taken] careful consideration of the status of the litigation, the outstanding discovery, the necessary costs and resources required to prosecute this litigation [], and the likelihood of the ability to collect any monetary award from [the

---

[2] *See Minute Orders dated April 17 and July 30, 2021*; *Scheduling Order dated August 23, 2021*; *Minute Orders dated February 24, March 10, April 11, May 6, June 21, August 3, August 12, September 13, and October 12, 2022.*

defendants]," and has decided to dismiss the case voluntarily.  (ECF No. 95-1 at 2.)  On July 10, 2023, Allied emailed Chadha that it "intends to move forward as necessary to dismiss the action . . . without prejudice," and requested that Chadha consent to the dismissal.  (ECF No. 95-3 at 2.) That same day, Chadha responded and asked "why [Allied] would dismiss with prejudice and not without prejudice."[3]  Ultimately, Chadha refused to sign a stipulation of dismissal unless the dismissal was with prejudice.  (*Id*. at 1.)  Allied filed its motion to dismiss voluntarily on August 18, 2023.  (ECF No. 95.)

## LEGAL STANDARD

After an answer has been filed, a plaintiff may dismiss an action only by court order or by stipulation between the parties.  Fed. R. Civ. P. 41 ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").  Although a voluntary dismissal without prejudice is not a matter of right, "there is a presumption that motions to voluntarily dismiss claims without prejudice should be granted."  *See RQ Innovations, Inc. v. Carson Optical, Inc.*, No. 19-cv-3886, 2021 WL 1075185, at *2 (E.D.N.Y. Feb. 4, 2021) (collecting cases).  To determine whether to grant a request for a court-ordered dismissal without prejudice, courts consider the following factors: (1) "the plaintiff's diligence in bringing the motion;" (2) "any undue vexatiousness on plaintiff's part;" (3) "the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial;" (4) "the duplicative expense of relitigation;" and (5) "the adequacy of plaintiff's explanation for the need to dismiss."  *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) (citation omitted).

---

[3] The Court assumes that Chadha meant to ask why Allied would "dismiss *without prejudice* and not *with prejudice*."

3

## DISCUSSION

All five *Zagano* factors weigh in favor of Allied.

## I.    Allied Exercised Diligence in Bringing Its Motion

This action has been pending for over three years with little progress.  The defendants have refused time and again to participate in the action, respond to discovery requests, or adhere to the Court's orders.  Even if the defendants had participated, Chadha now represents that he cannot pay Allied.  Accordingly, after "careful consideration," Allied seeks to dismiss the suit.

One of the factors that courts consider is the length of time an action has been pending. *See, e.g.*, *Guzman v. Hazemag U.S.A., Inc.*, 145 F.R.D. 308, 310 (E.D.N.Y. 1993).  Nevertheless, "[e]ven where litigation has been pending for four years, courts have not found that to be dispositive evidence that a party was not diligent."  *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05-CV-3939, 2008 WL 4127549, at *6 (S.D.N.Y. Sept. 2, 2008) (citing *Thomas v. N.Y. Dep't of Corr. Servs.*, No. 00-CV-7163, 2004 WL 1871060 (S.D.N.Y. Aug. 20, 2004)); *see also Cantanzo v. Wing*, 277 F.3d 99, 110 (2d Cir. 2000) (plaintiffs not dilatory in bringing motion to dismiss voluntarily litigation pending for 12 years).  A better measure to evaluate this factor is "whether a plaintiff moved to dismiss the complaint without prejudice within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action."  *Ascentive, LLC v. Opinion Corp.*, No. 10-CV-4433, 2012 WL 1569573, at *4 (E.D.N.Y. May 3, 2012).  Allied engaged with the Chadha in good faith, despite Chadha's persistent refusal to follow court directives or to participate in the litigation.  Indeed, despite a three-year pattern of recalcitrance, Allied asked Chadha for his consent to dismiss without prejudice—which Chadha refused.  Allied filed its motion shortly thereafter, which was a reasonable and diligent course of action.

## II.        Allied Did Not Demonstrate Undue Vexatiousness

The second *Zagano* factor weighs in favor of granting dismissal in cases where "there is no evidence to suggest that the case was brought to harass the defendant," *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 356 (E.D.N.Y.2008), or that a plaintiff had "ill motive," *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05-CV-3939, 2008 WL 4127549, at *6 (S.D.N.Y. Sept.2, 2008).  There is no evidence that Allied was a "vexatious" litigant, or that it brought this lawsuit for "ill motive."  Courts generally find vexatiousness "where plaintiffs have assured the court and the defendants that they intended to pursue their claims prior to seeking a dismissal." *Id.* (finding no ill motive where the plaintiff notified court of its desire to dismiss claims as soon as pursuing them became unfeasible); *cf. Pac. Elec. Wire & Cable Co. v. Set Top Int'l Inc.*, No. 03-CV-9623, 2005 WL 578916, at *5 (S.D.N.Y. Sept.2, 2008) (finding ill motive and vexatiousness where the plaintiffs "assured the Court, in no uncertain terms, that th[e] case would continue" and "unilaterally and abruptly" canceled multiple depositions).  Allied has made no such affirmative assurances to the defendants or the Court.  Nor have the defendants demonstrated that Allied's claims are "baseless or frivolous" or that Allied "has engaged in any patently dilatory or inappropriate motion practice." *See Shah v. RBC Capital Mkts. Corp.*, No. 10-CV-7672, 2011 WL 2638139, at *2 (S.D.N.Y. June 5, 2011).

## III.       The Suit Has Not Progressed

Discovery in this case is in its nascent stages; indeed, it does not appear that the case has progressed at all since 2021, when the defendants' counsel withdrew from the case.  There have been no dispositive motions, no depositions, and no pretrial conference.  To date, almost all the status conferences were attempts—all unsuccessful—to spur the defendants' participation.  This stagnation militates in favor of dismissal without prejudice.  *See Universal Marine Medical*

*Supply, Inc. v. Lovecchio*, No. 98-CV-3495, 1999 WL 441680, at *6 (E.D.N.Y. May 7, 1999) (granting motion for voluntary dismissal where discovery was "far from complete"); *RQ Innovations, Inc.*, 2021 WL 1075185, at *5 (finding the third *Zagano* factor satisfied where, "[a]side from the motion for preliminary injunctive relief, no other motions have been filed, the parties have not engaged in any meaningful discovery and have done nothing to prepare for trial").

## IV.        There Is Minimal Risk of Duplicative Expense

"The mere prospect of a second litigation" is insufficient to rise to the level of legal prejudice. *Jones v. Sec. & Exch. Comm'n*, 298 U.S. 1, 19, (1936); *D'alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir.1996).  As noted above, the parties have not filed motions (other than Allied's motion for sanctions, ECF No. 41), or conducted significant discovery.  As the defendants have largely not participated in the litigation, presumably they have not expended many resources defending the action.  This presumption is further supported by the fact that the defendants' counsel withdrew because Chadha did not pay his legal bills.  *See RQ Innovations, Inc.*, 2021 WL 1075185, at *5.

Allied has also represented that "it does not intend to reinitiate litigation unless it is informed that Mr. Chadha has made false statements regarding [the defendants'] financial state." (ECF No. 95-1 at 6.)  Accordingly, there is minimal risk of the duplicative expense of re-litigation.  *See A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 261 F.R.D. 29, 33 (S.D.N.Y. 2009) ("Other than the chance that Gianni might later bring suit for monetary damages, defendants have not identified, and this Court does not find, any prejudice that Alfredo or L'Abbigliamento would suffer if forced to relitigate.").

**V.       Allied Has a Reasonable Explanation for Dismissal**

Finally, Allied has offered a perfectly reasonable explanation for a dismissal without prejudice—that it would be an expensive endeavor with little to no hope of recovering damages. *Gaffos, Inc. v. Designer Optics Corp.*, No. 20-CV-5783, 2022 WL 2467539, at *9 (E.D.N.Y. Mar. 23, 2022), *report and recommendation adopted*, No. 20-CV-5783, 2022 WL 2467472 (E.D.N.Y. June 6, 2022) ("Courts frequently conclude that economic considerations constitute a reasonable explanation for seeking dismissal without prejudice.").  Even if Allied were to obtain a favorable judgment, it will not be able to collect a money judgment, "much less the costs and fees incurred and to be incurred if Allied would be successful."  (ECF No. 95-1 at 7.)

Accordingly, because the defendants will suffer no legal prejudice, and because the five *Zagano* factors weigh in Allied's favor, the motion to dismiss without prejudice is granted.

**CONCLUSION**

For these reasons, the case is dismissed without prejudice pursuant to Rule 41(a)(2).  The

Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

s/Ann M. Donnelly

_____

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
October 23, 2023

8